**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 33131-2800
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT ORTEGA, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>       v.<br><br>ALLIED COLLECTION SERVICES, INC.,<br><br>                            Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Robert Ortega ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Allied Collection Services, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a putative class action lawsuit against Defendant for legal and equitable remedies resulting from its illegal actions in using a pre-recorded voice to make automated calls to Plaintiff's cellular telephone and the cellular telephones of numerous other individuals across the country, in clear violation of the TCPA. Plaintiff brings this Complaint to stop Defendant's practice of making unsolicited robocalls to the telephones of consumers nationwide, and to obtain redress for all persons injured by Defendant's conduct.

2. On or about March 23 and March 27, 2020, Defendant placed pre-recorded robocalls to Plaintiff's cellular telephone.

3. Plaintiff answered the second telephone call and recalls hearing a prerecorded voice about outstanding debts for student loans.

4. The following chart details Defendant's calls to Plaintiff Ortega:

| Date | Time | Number Calling | Call Duration |
|---|---|---|---|
| March 23, 2020 | 2:01 p.m. | (303) 495-5038 | Missed |
| March 27, 2020 | 9:19 a.m. | (303) 495-5038 | 1 sec |

5. Plaintiff never provided consent to be called by Defendants using an artificial or pre-recorded voice.

6. The unlawful call placed to Plaintiff are part of Defendant's pattern of practice of using an artificial or pre-recorded voice to call consumers on their cellular telephones, despite the

fact that such individuals have established no direct relationship with Defendant and are therefore are not the proper subjects of the calls.

7.  Defendant conducted, and continues to conduct, a uniform, nationwide campaign that features the repeated making of unsolicited phone calls to consumers' cellular telephones without their prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Defendant's campaign of unlawful conduct includes the use of an artificial and pre-recorded voice.

8.  By making these automated calls, Defendant directly caused Plaintiff and members of the proposed Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

9.  Upon information and belief, Defendant has made, and continues to make, similar calls to consumers without first obtaining their consent. In so doing, Defendant repeatedly violated the TCPA, invading the personal privacy of Plaintiff and members of the putative Class.

10. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this Complaint. Accordingly, in response to Defendant's unlawful conduct, Plaintiff brings this action on behalf of himself and the putative Class and seeks an injunction requiring Defendant to: (1) cease its TCPA violations by adequately ensure that Defendant is only calling numbers that are in fact associated with persons from whom it has received prior express consent; and (2) pay Plaintiff and members of the Class statutory damages equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages for knowing and /or willful violations.

**PARTIES**

11. Plaintiff Robert Ortega is an individual and a "person" as defined by 47 U.S.C. § 153(39). Mr. Ortega is, and at all times mentioned herein has been, a citizen of California, residing

in Union City, California. On or about March 23, 2020, Defendant placed an unsolicited robocall to Mr. Ortega's cellular telephone while he was at home. Mr. Ortega did not answer the first call, however, on March 27, 2020 Defendant placed a second unsolicited call to Mr. Ortega's cellular telephone. Mr. Ortega answered the telephone call and recalls hearing a prerecorded voice message regarding outstanding debts and student loans. Mr. Ortega had never established a direct relationship with Defendant prior to Defendant's March 23 and March 27 robocalls, and at no point did he consent to being called by Defendant using a pre-recorded voice. As a direct result of the March robocalls, Mr. Ortega suffered actual harm and cognizable legal injury, including but not limited to the invasion of the sanctity and privacy of Mr. Ortega's home and the diminution in the value and utility of Mr. Ortega's cellular telephone plan.

12.    Defendant Allied Collection Services, Inc., is a Nevada corporation with its principal place of business at 3080 South Durango Drive, Suite 208, Las Vegas, NV 89117-9194. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs; there are over 100 members of the putative class; and Plaintiff, as well as most members of the proposed class, is a citizen of a state different from Defendant. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this Complaint alleges violations of a federal statute, the TCPA.

14.    This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California and because the calls at issue were directed to Plaintiff in the state of California. Defendant is registered to do business in California.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and because a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.  The Telephone Consumer Protection Act Of 1991**

16. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

17. The TCPA prohibits, *inter alia*, making any telephone call to a cellular telephone using a "prerecorded or artificial voice" absent an emergency purpose or the "express consent" of the party called.  47 U.S.C. §§ 227(b)(1)(A), 227(b)(1)(A)(iii).

18. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

**B.  Defendant's Calls to Plaintiff and Class Members**

19. Defendant called Mr. Ortega on his cellular phone at least once using an artificial or prerecorded voice.  Mr. Ortega did not give Defendant express consent to make these calls.

20. Defendant's calls to Mr. Ortega were made from telephone number (303) 495-5038.

21. When Mr. Ortega answered the call from Defendant, he heard a prerecorded voice regarding an outstanding debt and student loans.  Plaintiff does not have any student loans or outstanding debt with Defendant.

22. When dialed, calls to (303) 495-5038 direct callers to https://www.acsnv.com/.

23. Defendant's unlawful conduct did not end with Plaintiff.  Indeed, several other consumers have left similar complaints regarding Defendant's robocalls on Defendant's Yelp website: [1]

---

[1] ALLIED COLLECTION SERVICES, INC., YELP REVIEWS, https://www.yelp.com/biz/allied-collection-services-las-vegas-2 (last visited October 15, 2020).

- "They call and call but NEVER leave a message. Im not sure what their goal is collecting that way. I owe no one nothing so they must be looking for someone else..." - Mel H. 3/8/2018

24. Similar complaints can also be found on Defendant's entry on the Better Business Bureau website:[2]

- "I would rate zero stars if I could. This company has terrible customer service and the reps and management are unprofessional. I have called in 4 times regarding this company fraudulently charging my credit card. The account they are looking to collect on is not mine nor is it under my name. I was assured 3 times that my card would no longer be charged but that was incorrect as the company continues to make attempts to charge my card. A manager just hung up on me and refused to even listen to what I was trying to accomplish. I will be taking legal action regarding the harassment that I have faced from this company on an account that is not mine."- Cherri S. 1/14/2020

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All persons within the United States who were not listed in Defendant's records as the intended recipient of a telephone call, and from four years prior to the filing of this action to the date that class notice is disseminated, received from or on behalf of Defendant one or more telephone calls on their cellular telephone using an artificial or prerecorded voice (the "Class").

26. Plaintiff also seeks to represent a subclass of all Class members residing in the state of California (the "California Subclass").

27. Specifically excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or

---

[2] ALLIED COLLECTION SERVICES, INC., BETTER BUSINESS BUREAU CUSTOMER REVIEWS, https://www.bbb.org/us/nv/las-vegas/profile/collections-agencies/allied-collection-services-inc-1086-50594/customer-reviews *last visited November 9, 2020).

CLASS ACTION COMPLAINT 5

Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

28. Plaintiff reserves the right to amend the definitions of this Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

29. **Numerosity.** Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, the Class comprises at least hundreds of thousands of consumers throughout the United States. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through Defendant's records.

30. **Commonality and Predominance**. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Those common questions of law and fact include, but are not limited to, the following: (i) whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent; (ii) whether Defendant's conduct was knowing and/or willful; (iii) whether Defendant is liable for damages, and the amount of such damages; and (iv) whether Defendant should be enjoined from engaging in such conduct in the future.

31. **Typicality.** The claims of Plaintiff Ortega are typical of the claims of the Class in that Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct. Specifically, as persons who received numerous and repeated calls on their telephones through the use of an artificial or prerecorded voice, without their prior express consent, Plaintiff and all Class members have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

32. **Adequacy**. Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests, and Plaintiff has retained counsel

that have considerable experience and success in prosecuting complex class actions and consumer-protection cases.

33. **Superiority**. Class-wide relief is essential to compel Defendant to comply with the TCPA. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for the following reasons: prosecutions of individual actions are economically impractical for members of the Class because the statutory damages in an individual action for violation of the TCPA are relatively small; management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones; the proposed class can be identified easily through records maintained by Defendant; prosecution as a class action will provide substantial benefit to the parties because it avoids repetitious litigation of a multiplicity of identical suits and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

34. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I
**Knowing And/Or Willful Violation Of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.**

35. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as though fully stated herein.

36. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

38. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and members of the proposed Class are entitled to, and therefore seek, treble damages of up to $1,500.00 for each and every call made by Defendant in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff and members of the proposed Class are also entitled to, and therefore seek, injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

40. Plaintiff and members of the proposed Class are also entitled to, and therefore seek, an award of attorneys' fees and costs.

## COUNT II
### Violation Of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

41. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as though fully stated herein.

42. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the provisions of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

44. As a result of Defendant's TCPA violations, Plaintiff and members of the Class are entitled to, and therefore seek, an award of $500.00 in statutory damages for each and every call Defendant made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff and members of the proposed Class are also entitled to, and therefore seek, injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

46. Plaintiff and members of the proposed Class are also entitled to, and therefore seek, an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment against Defendant, as follows:

a. For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class;

b. For an order declaring that the Defendant's conduct violates the provisions of the TCPA referenced herein;

c. For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

d. For injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

e. For statutory damages of $500.00 for each and every call that violated the TCPA;

f. As a result of Defendant's willful and/or knowing violations of the TCPA, for treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

g. For prejudgment interest on all amounts awarded;

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses and costs of suit; and

i. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: November 16, 2020　　　　　　　　**BURSOR & FISHER, P.A.**

By:　　*/s/ L. Timothy Fisher*
　　　　　L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 33131-2800
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*